IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ABC LOAN CO. OF MARTINEZ, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CV 123-097 |
| GRUNER ENTERPRISES, LLC, d/b/a | * | |
| #1 Big Daddy's Car Co. and | * | |
| Simple Auto Finance; CARISMA | * | |
| FINANCIAL CORP.; and ROBERT | * | |
| GRUNER, III, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court are Plaintiff's motions for default judgment. (Docs. 19, 24, 28.) On April 10, 2024, the Court ordered Plaintiff to supplement its original motions for default judgment with detailed documentation of its attorney's fees and deferred ruling on Plaintiff's motions for default judgment until after Plaintiff complied. (Doc. 27.) On April 16, 2024, Plaintiff filed documentation supporting its request for attorney's fees in accordance with the Court's April 10, 2024 Order, and the Court took Plaintiff's motions for default judgment under advisement. (Docs. 28, 28-2.) However, in considering Plaintiff's motions,

the Court discovered Plaintiff failed to establish the Court's jurisdiction.

When it appears subject-matter jurisdiction may be lacking, "a federal court must inquire *sua sponte* into the issue." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted). As relevant here, the Court has subject-matter jurisdiction when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a)(1). Complete diversity exists when "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)).

An individual's citizenship is equivalent to "domicile" for § 1332 purposes, "[a]nd domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (citation omitted). Residence alone is not enough to establish citizenship for § 1332 purposes. Id. (citations omitted). On the other hand, a limited liability company ("LLC") "is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, to sufficiently allege an LLC's citizenship, "a party must list the citizenships of all the members of the [LLC]."

2

Id. The general allegation, based upon information and belief, that no member of an LLC is a citizen of a particular state is insufficient to carry Plaintiff's burden to establish complete diversity. See Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (internal quotation marks and citations omitted))[1]; Great Am. Assurance Co. v. Stover, No. 1:20-CV-2635, 2020 WL 8093342, at *1 (N.D. Ga. June 24, 2020) ("[A]lleging the members of a[n LLC] 'upon information and belief,' . . . is . . . insufficient."). Moreover, "[t]he party seeking to invoke a federal forum traditionally bears the burden of persuasion on jurisdictional issues such as establishing the citizenship of the parties." Life of the S. Ins. Co. v. Carzell, 851 F.3d 1341, 1344 (11th Cir. 2017) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994)).

Plaintiff invokes the Court's subject-matter jurisdiction under 28 U.S.C. § 1332. (Doc. 1, at 2.) According to Plaintiff's complaint: (1) Plaintiff is a Georgia LLC with its principal place of business in Georgia; (2) Defendant Gruner Enterprises d/b/a #1 Big Daddy's Car Co. and Simple Auto Finance ("Gruner Enterprises") is an LLC "organized under the laws of the state of Texas with its

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981 are binding precedent in the Eleventh Circuit).

principal place of business" in Texas; and (3) Defendant Robert Gruner, III ("Gruner") "is a resident of . . . Texas." (Id. at 1.) These allegations are insufficient to establish these Parties' citizenships. As for Plaintiff and Defendant Gruner Enterprises, Plaintiff's complaint does not include a list of their individual members along with their citizenships. See Rolling Greens, 374 F.3d at 1022. As for Defendant Gruner, Plaintiff's allegations merely allege he is a Texas *resident*, not a Texas *citizen*. See Travaglio, 735 F.3d at 1269 (citations omitted).

Accordingly, Plaintiff is **DIRECTED** to file a supplemental brief within **TWENTY-ONE (21) DAYS** from the date of this Order that (1) lists Plaintiff's and Defendant Gruner Enterprises' individual members and their citizenships; and (2) lists Defendant Gruner's citizenship. Failure to do so will result in dismissal of this case for lack of subject-matter jurisdiction. See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings . . . ." (citation omitted)). Plaintiff's motions for default judgment (Docs. 19, 24, 28) remain pending before the Court.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of April, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA